**Fredy OSWALDO ZACARIAS,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General,\* Respondent.**

No. 02–71747.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 19, 2004.

Fredy Oswaldo Zacarias, North Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service,Phoenix, AZ, OIL, Genevieve Holm, Esq., Anh–Thu P. Mai, Christine A. Bither, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM \*\*\*

Fredy Oswaldo Zacarias, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

Even assuming petitioner presented sufficient, credible evidence to demonstrate he suffered past persecution by guerilla groups, substantial evidence supports the IJ's finding that changed county conditions in Guatemala rebut the presumption of a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Petitioner's contention that the BIA's summary affirmance without opinion violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

74

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.